IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUAN ALVAREZ MORALES, et. al.,

Plaintiffs,

v.                                                                      CIVIL NO. 13-1875 (PAD)

MUNICIPALITY OF LAS MARIAS, et. al.,

Defendants.

# REPORT AND RECOMMENDATION

## INTRODUCTION

Plaintiffs in this case are a large number of transitory, or fixed term employees, who seek redress for alleged politically motivated adverse employment actions taken against them by Defendants, who are officials of the Municipality of Las Marías. Plaintiffs allege that, immediately after the change in municipal government in 2012, Defendants José Javier Rodríguez-López ("Rodríguez"), sued in his personal and official capacity as Mayor of the Municipality of Las Marías, and Yadira Almodóvar-González ("Almodóvar"), also sued in her personal and official capacity as Director of Human Resources for the Municipality, refused to renew their appointments, rehire and/or recall them to their jobs. Plaintiffs posit they were replaced with sympathizers of the Popular Democratic Party ("PDP"), who now perform the same duties and functions that Plaintiffs had previously performed, all because of their political affiliation to the New Progressive Party ("NPP").

On March 27, 2015, Defendants, in their personal capacities, filed a Motion to Dismiss, alleging that Plaintiff's complaint failed to meet the United States Supreme Court's standard set forth in Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955

(2007) and Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009), insofar as it was not "facially plausible to establish that the defendants had knowledge of plaintiffs' political affiliation", and that "the pleaded facts are not sufficient to assert that political affiliation was a substantial or motivating factor for the separation from employment." (Docket No. 68, at pp. 1-2). Official capacity Defendants, on the other hand, also filed a Motion to Dismiss on the same date, asserting that the actions complained of could not be attributed to the current Defendants, but rather to the previous administration, which let Plaintiffs' contracts lapse. They also posit that Plaintiffs failed to establish a *prima facie* case of political discrimination. (Docket No. 69).

On July 20, 2015, the presiding District Judge referred the pending Motions to Dismiss to the undersigned for a report and recommendation. (Docket No. 85).

For the reasons explained herein below, it is recommended that both Motions to Dismiss be DENIED.

## STANDARD

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "short and plain" statement needs only enough detail to provide a defendant with " 'fair notice of what the ... claim is and the grounds upon which it rests.' " Twombly, 550 U.S. at 555, 127 S.Ct. at 1955; see also Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement....' Specific facts are not necessary."). Yet, in order to "show" an entitlement

Juan Alvarez Morales, et al v. Mun. of Las Marías, et al
Civil No. 13-1875(PAD)
Report and Recommendation
Page 3
_____

to relief a complaint must contain enough factual material "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." See, Twombly, 550 U.S. at 555, 127 S.Ct. at 1955.

When addressing a motion to dismiss under Rule 12, the court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009). Under Twombly, 550 U.S. at 555, 127 S.Ct. 1955, however, a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." See also, Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). Thus, a plaintiff is now required to present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). Id. at 70; see, e.g. Iqbal, 556 U.S. at 662, 129 S.Ct. at 1937.

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by Twombly and Iqbal. First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. Iqbal, 556 U.S. at 663, 129 S.Ct. at 1937. Yet, the court "need not accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual enhancement.'" Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009).

Case 3:13-cv-01875-PAD   Document 103   Filed 11/17/15   Page 4 of 14

Juan Alvarez Morales, et al v. Mun. of Las Marías, et al
Civil No. 13-1875(PAD)
Report and Recommendation
Page 4
_____

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." Iqbal, 556 U. S. at 670, 129 S.Ct. at 1937. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted or whether dismissal under Rule 12(b)(6) is appropriate. Id.

## ANALYSIS

Plaintiffs' claims, which the Court must accept as true for purposes of both Motions to Dismiss at this stage, are derived from the factual version of events stated in the Second Amended Complaint. (Docket No. 65).

In 2012, municipal elections were held in the Municipality of Las Marías, where Defendants, who ran on the PDP ticket, ousted the NPP controlled municipal officers. Shortly after assuming control of the municipal administration, Plaintiffs aver that co-Defendant Rodríguez and his political trust appointee, Almodóvar, "systematically refused to renew the appointments, rehire and/or recall the Plaintiffs who held term employment. Plaintiffs were then replaced with PDP-affiliated individuals in their positions, who now perform the same duties and functions Plaintiffs had done previously." (Docket No. 65, ¶ 6). Plaintiffs claim these adverse employment actions "were motivated by Plaintiffs' political affiliation, participation and beliefs in favor of a

political party and/or a political candidate other than the PDP, specifically the NPP." (Id. at ¶ 7).

Among the numerous factual allegations that the 115 page Second Amended Complaint (Docket No. 65) contains are the following: Plaintiffs were performing duties that had no impact on public policy and therefore, party affiliation was an inappropriate requirement for their jobs (¶4); Plaintiffs began working for the Municipality of Las Marías under an NPP mayoral administration led by former Mayor Soto-Santiago, a fact which was known to all Defendants (¶¶ 2, 56, and 59); the Municipality of Las Marías is very small, and all municipal employees know and regularly interact with each other (¶ 57); politics is a common discussion topic amongst the municipal employees and the political affiliation of employees such as the Plaintiffs is well known to their fellow employees and to the community of Las Marías in general (¶ 57); Defendants associated the Plaintiffs with the NPP administration (¶ 58); Plaintiffs participated in political meetings and motorcades organized by the NPP candidates during the campaign, and openly had bumper stickers on their cars and flags on their homes supporting the NPP (¶ 60); several Plaintiffs served as electoral polling officers for the NPP during the election and in previous elections and primaries (¶ 62); the Municipality of Las Marías has few voting centers because of its small size, and therefore, it was common knowledge who worked as electoral volunteers in those centers, and their political affiliations (Id.); Plaintiffs held low level positions and none had ever received a negative work evaluation (¶¶ 73, 77, and 83); Plaintiffs' previous appointments had been consistently renewed

after their expiration (¶ 78); after Defendant Rodríguez denied Plaintiffs' re-appointments, they were substituted in their positions, duties and functions by PDP sympathizers (¶¶ 81, 84 and 85); Defendant Rodríguez admitted that Plaintiffs were NPP sympathizers who had not supported him during the campaign as a reason to refuse to renew their contracts (¶ 87); and Defendant Rodríguez told some Plaintiffs that he was only recruiting PPD loyalists who had supported his campaign. (¶¶ 88 and 90).

Buttressing these general allegations are specific allegations as to each and every Plaintiff mentioned in the Second Amended Complaint.

Defendants aver Plaintiffs failed to meet the test delineated by the United States Court of Appeals for the First Circuit in Ocasio Hernández v. Fortuño Burset, 640 F.3d 1, where it reversed and remanded a dismissal by the District Court in a similar political discrimination case under the then new Twombly and Iqbal dismissal standards.

In Ocasio Hernández, the Court held that, in order to have an actionable claim of political discrimination, the same must consist of four elements: "(1) that the plaintiff and defendant have opposing political affiliations, (2) that the defendant is aware of the plaintiff's affiliation, (3) that an adverse employment action occurred, and (4) that political affiliation was a substantial or motivating factor for the adverse employment action." Ocasio Hernández, 640 F.3d at 13 (*quoting* Lamboy-Ortiz v. Ortiz-Vélez, 630 F.3d 228, 239 (1st Cir. 2010)).  Thus, Plaintiffs have to aver enough facts to plausibly meet these four criteria.

Juan Alvarez Morales, et al v. Mun. de Las Marías, et al
Civil No. 13-1875(PAD)
Report and Recommendation
Page 7
_____

Having reviewed the 115 pages of factual allegations set forth by Plaintiffs in the Second Amended Complaint (Docket No. 65), Defendants cannot seriously contend that these rather precise and detailed allegations are "conclusory" and do not meet the standard set forth in Twombly, and thus, in Ocasio Hernández. The undersigned finds that the allegations contained in the Second Amended Complaint go above and beyond the Twombly standard.

While it is true that the four elements cited in Ocasio Hernández form the essence of a *prima facie* case of political discrimination, Defendants forget the pleading standard that Twombly mandates at this stage of the proceedings, to wit, "a short and plain statement of the claim showing that the pleader is entitled to relief", and with enough detail to provide a defendant with " 'fair notice of what the... claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555, 127 S.Ct. at 1955. Indeed, Plaintiffs in the instant case have set forth a multitude of lengthy, detailed facts and allegations that more than adequately comply with the Twombly pleading requirements. They are not, as Defendants would have the Court believe, clouding their allegations in conclusory statements. (See Docket No. 68, p. 10).

Furthermore, as Twombly has more than clearly suggested, requiring a plaintiff to show a plausible entitlement to relief is not the same as imposing a heightened pleading requirement. Therefore, no "specific facts" that would prove the claim at trial are necessary at this stage - any facts that serve to state a claim for relief that is plausible on its face, even if improbable, is enough. Thus, the evidentiary leap that Defendants want

Case 3:13-cv-01875-PAD   Document 103   Filed 11/17/15   Page 8 of 14

Juan Alvarez Morales, et al v. Mun. de Las Marías, et al
Civil No. 13-1875(PAD)
Report and Recommendation
Page 8
_____

the Court to make (and indeed, they cite several cases alluding to the more demanding summary judgment standard), is not required here. As such, Defendants' arguments run afoul of the Court of Appeals for the First Circuit's recent holding that "a *prima facie* case is not the appropriate benchmark for determining whether a complaint has crossed the plausibility threshold." Landrón & Vera, LLP, v. Somoza Colombani, No. 12-1858, 2013 WL 2422807, at *5 (D.P.R. June 13, 2013).

From a simple reading of the Second Amended Complaint it is evident that the allegations set forth by Plaintiffs clearly meet the four pronged test set forth by the Court of Appeals of the First Circuit in Ocasio Hernández. Regarding the first and third requirements, these are both met. Plaintiffs and Defendants are from differing political parties, and an adverse employment action occurred, insofar as Plaintiffs' contracts were not renewed.

Regarding the second prong, Defendants' knowledge of Plaintiffs' political affiliation, Plaintiffs have averred that Defendant Rodríguez specifically admitted that Plaintiffs were NPP sympathizers and/or had not supported him during the 2012 political campaign as a reason to refuse to renew their contracts and/or recall them to fill their former positions. As a matter of fact, many of them met with Defendant Rodríguez, who openly acknowledged Plaintiffs' affiliation with the NPP and told them he was only recruiting PPD loyalists who had supported his campaign, and, among other things, that he was "going to take care of our own people"; "my people helped me, so I have to help my people first"; "we are only helping those that supported my campaign."

This, as the Court of Appeals has clearly held, is more than enough to meet the knowledge requirement.

Further buttressing this conclusion is the fact that the Ocasio Hernández Court also held that the Court must "evaluate the cumulative effect of the factual allegations.....", so as to then determine whether all those facts as alleged, and viewed in a light favorable to Plaintiffs, render the requested relief plausible. See Ocasio Hernández, 640 F.3d at 14 ("the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, in plausible"). This, in turn, asks this Court to consider, just as in Ocasio Hernández, whether the information regarding Plaintiffs' political affiliation was potentially accessible to Defendants from sources other than Plaintiffs. These facts obviously knock on the plausibility door when the Court considers the following facts: Las Marías is a very small town where everyone knows the people's party affiliations; Plaintiffs participated in activities and motorcades for the NPP candidates; Plaintiffs' personnel records show they were hired by an NPP administration, a fact easily ascertainable to Almodóvar, as head of Human Resources Department; Plaintiffs participated as election volunteers; and Plaintiffs had political bumper stickers on their cars and flags in their properties, among others.

These facts examined as a whole, and making all inferences in favor of Plaintiffs, make for a plausible claim, at this stage, that Defendants had knowledge of Plaintiffs' political affiliation.

Finally, prong number four, that political affiliation was a substantial or motivating factor for the action complained of, is also met.  Co-defendant Rodríguez is the nominating authority at the Municipality, and approves or disapproves all contracts.  He made disparaging comments to Plaintiffs about the non-renewal of their contracts and the political reasons therefor.  The fact that the contracts expired December 31 and were not renewed upon his taking office on January 2, just two days later, coupled with the fact that Plaintiffs were replaced by PDP supporters weighs heavily against Defendants' arguments, and "unquestionably contributes at the motion to dismiss stage to the reasonable inference that the employment decision was politically motivated." Ocasio Hernández, 640 F.3d at 18.

The same analysis applies to the personal capacity Defendants' arguments that they did nothing wrong, because it was the former NPP administration who failed to renew the contracts in question.  The temporal nexus between the end of the contracts and the failure to rehire, which fell under co-Defendant Rodríguez' watch, is simply too close to be cast aside.  Taken together, this is enough to bring the facts as alleged in the Amended Complaint into the plausible category.  Whether discovery will evidence this allegedly illegal conduct remains to be seen and will undoubtedly be the subject of further dispositive motions.

Regarding Plaintiffs Dahiana Sánchez Pérez, Damaris Méndez Figueroa and Federico Ruperto Ríos, Defendants argue that no discriminatory animus can be discerned from their actions since they were rehired for a short period of time after the

Juan Alvarez Morales, et al v. Mun. of Las Marías, et al
Civil No. 13-1875(PAD)
Report and Recommendation
Page 11
_____

January, 2012 change in government.  Although more remote temporal proximity is not, by itself, enough to prove causation, it can contribute to a reasonable inference at this stage that Plaintiffs' political affiliation played a part in their dismissals, particularly when this fact is considered as a whole with the other allegations.  Therefore, Defendants' arguments are inapposite.

Defendants have also raised an issue regarding why Plaintiffs Sergio Alayón Rivera, Ricardo Franki Quiñones and Germán Soto González were mentioned in the Second Amended Complaint after their claims had already been dismissed.  Plaintiffs have clarified that, when the Court granted them leave to file the tendered Amended Complaint, whose leave to file had been requested but not yet granted, these claims had already been dismissed.  (Docket Nos. 53, 56, 63 and 64).  Therefore, this issue should be DENIED AS MOOT.

For all the aforementioned reasons, it is recommended that both of Defendants' Motions to Dismiss be DENIED.

### B. Mt. Healthy Defense.

The Court gives very short shrift to Defendants' *Mt. Healthy* defense, which would allow them the opportunity to establish that they would have taken the same actions regardless of Plaintiff's political beliefs.  It has been held time and again that the *Mt. Healthy* defense "is inappropriate at the motion to dismiss stage because the parties have not yet engaged in any significant discovery." Artache-Pagán v. Municipality of Gurabo, No. 12-1842, 2013 WL 1973832, at *4 (D.P.R. May 13, 2013) (citations and

internal quotation marks omitted); see also Thomas v. Eby, 481 F.3d 434, 442 (6th Cir. 2007) ("it makes little sense to apply … [the *Mt. Healthy* defense] at the pleading stage"); Johnson v. Eggersdorf, 8 F. App'x 140, 144 n. 1 (2d Cir.2001) ("*Mt. Healthy* sets forth the appropriate standard for a § 1983 claim at trial, not for a motion to dismiss based on the pleadings."); Maloy v. Ballori, 744 F.3d 250, 253 (1st Cir. 2014) ("Typically too, an assessment of a plaintiff's complaint does not entail consideration – much less require rebuttal - of the defendant's explanations for its action"...) and Landrón & Vera, LLP v. Somoza-Colombani, No. 12-1858, 2013 WL 2422807, at *8 (D.P.R. June 3, 2013) ("Defendants have provided no reason for the Court to deviate from the general rule that the *Mt. Healthy* defense 'is inappropriate at the motion to dismiss stage because the parties have not yet engaged in any significant discovery'").

Moreover, Defendants have failed to address Plaintiffs' detailed allegations, which truth must be presumed at this stage of the proceedings. Defendants simply revert to citing the case law, but offer little or nothing in the way of an analysis to explain their actions, which at this stage of the litigation, is an unhelpful anyway for the aforementioned reasons. Unsurprisingly then, Defendants fall short of showing that Plaintiffs' "protected conduct was not the 'but-for' cause of the adverse action." Rodríguez-García v. Miranda-Marín, 610 F.3d 756, 767 (1st Cir. 2010) (*quoting* Rodríguez-Marín v. Rivera-González, 438 F.3d 72, 81 (1st Cir. 2006)). This suffices to discard Defendants' *Mt. Healthy* defense at this stage of the proceedings, because "the place to test factual assertions for deficiencies and against conflicting evidence is at

summary judgment or trial", not at this Plaintiff-friendly stage.   Liu v. Amerco, 677 F.3d 489, 497 (1st Cir 2012).

Accordingly, it is recommended that Defendants' *Mt. Healthy* request be DENIED without prejudice of being raised again at the conclusion of discovery.

### D.   Supplemental State Claims.

When federal claims are dismissed before trial, state claims should be dismissed as well, but such is not a mandatory rule to be applied inflexibly in all cases.   Rather, the court should exercise informed discretion when deciding to assert supplemental jurisdiction over state law claims.   Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614 (1988); Rosado v. Wyman, 397 U.S. 397, 403-05, 90 S.Ct. 1207 (1970); Roche v. John Hancock Mutual Life Ins. Co., 81 F.3d 249, 256-57 (1st Cir. 1996).

In accordance with above discussion and recommendations, since all federal claims remain alive, there are no grounds to decline jurisdiction at this stage as to the pendent state claims filed against all Defendants.   Therefore, it is recommended that the Motions to Dismiss the supplemental state law claims be DENIED.

### CONCLUSION

For the aforementioned reasons, it is recommended that Defendants' Motions to Dismiss (Docket Nos. 68 and 69) be DENIED.

IT IS SO RECOMMENDED.

Juan Alvarez Morales, et al v. Mun. of Las Marías, et al
Civil No. 13-1875(PAD)
Report and Recommendation
Page 14
_____

      The parties have fourteen (14) days to file any objections to this report and recommendation.  See  Amended Local Rules.  Failure to file same within the specified time waives the right to appeal this order.  Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986) and Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988).

      In San Juan, Puerto Rico, on this 17th day of November, 2015.

                                  S/CAMILLE L. VELEZ-RIVE
                                  CAMILLE L. VELEZ RIVE
                                  UNITED STATES MAGISTRATE JUDGE